IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROGER REDRICK,** | **CIVIL NO. 1:CV-04-2393** |
| **Petitioner** | |
| v. | |
| **TROY WILLIAMSON, Warden,** | |
| **Respondent** | |

## **M E M O R A N D U M**

Before the court is Petitioner Roger Redrick's petition for writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner is a District of Columbia Code offender and is incarcerated at the United States Penitentiary in Allenwood, Pennsylvania ("USP-Allenwood").  In his petition, Petitioner alleges that his sentence should be re-calculated to credit him time he spent on parole that had been forfeited when he violated his parole.  The Government argues that Petitioner's habeas petition should be denied because Petitioner failed to exhaust his administrative remedies and because Petitioner's "street time" was properly revoked.  Although the court finds that Petitioner did not exhaust his administrative remedies, the court will deny the habeas petition on the merits because the law on this issue is clear that Petitioner has not raised a colorable federal claim.

**I.       Background**

On November 1, 1985, Petitioner was sentenced to 11 years and 200 days for armed robbery and possession of a prohibited weapon by the District of

Columbia ("D.C.") Superior Court.  The D.C. Board of Parole ("the Board") granted Petitioner parole on this sentence on December 13, 1988 with parole supervision continuing until 1997.  In April 1990, Petitioner appeared before the Board for violating the terms of his parole, but the Board ordered Petitioner to remain on parole supervision.

In November 1990, Petitioner was arrested for possession with intent to distribute PCP.  The Board revoked Petitioner's parole for possession of a narcotic and failing to obey all laws.  On June 11, 1991, the D.C. Superior Court sentenced Petitioner to 9 years for the possession with intent to distribute PCP offense, to be served consecutive to the remaining amount of his previous armed robbery offense.  On February 3, 1997, the Board paroled Petitioner, and Petitioner was subject to parole supervision until March 12, 2006.

Petitioner was subsequently transferred to the jurisdiction of the United States Parole Commission ("the Commission") pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective Aug. 5, 1998). *See also* D.C. Code Ann. § 24-131.  On June 19, 2003, the Commission received notification that Petitioner had been convicted of second degree child abuse and sex abuse in D.C. and sentenced to 180 days imprisonment.  In subsequent parole revocation hearings, the Commission found that Petitioner had violated the conditions of his parole.  Accordingly, the Commission revoked Petitioner's parole on February 27, 2004 and ordered him to serve 60 months until he would be eligible for reparole on April 21, 2008.  The Commission also ordered that Petitioner not be given credit for time he spent on parole, also known as "street time."  Petitioner was committed to the custody of the

Bureau of Prisons on or about December 23, 2003, and he arrived at USP-Allenwood on February 24, 2004.

Petitioner filed the instant habeas petition on November 1, 2004, asserting that he should receive credit for his "street time." Although Petitioner does not specify have much time he should be credited, he presumably seeks credit for the time he was on parole from roughly December 1988 to January 1991 and from February 1997 to June 2003.[1] In not crediting Petitioner for this time, the Commission relied on § 24-206(a) of the D.C. Code, which provides that when an order of parole is revoked, "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced."[2] Petitioner, on the other hand, submits that he should receive credit for his "street time" under § 24-431(a) of the D.C. Code, which provides that "[e]very person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed."[3] Petitioner does not indicate which constitutional amendments he believes have been violated, but construing his *pro se* petition liberally, the court presumes that Petitioner's challenges could fall under the Ex Post Facto, Due Process, and Equal Protection

---

[1]The Government's Exhibit 1, which is also attached to Petitioner's habeas petition, shows that Petitioner had 756 days of "street time" from December 14, 1988 to January 8, 1991. (*See* Gov't's Ex. 1 in Supp. of Resp. to Habeas Pet.) The court is unable to determine the exact number of days of "street time" Petitioner accumulated from February 1997 to June 2003.

[2]Section 24-206 is currently codified at D.C. Code Ann. § 24-406. Because the parties refer to the statute as § 24-206, the court will follow suit for consistency's sake.

[3]Section 24-431 is currently codified at D.C. Code Ann. § 24-221.03. As above, the court will refer to the statute as § 24-431 to be consistent with the references made by the parties.

3

Clauses. The parties have briefed the relevant issues, and the matter is now ripe for disposition.

## II.        Legal Standard

Because Petitioner seeks to correct the computation of his prison sentence, the court construes this petition as an action under 28 U.S.C. § 2241.[4] *See Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) ("Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); *Mitchell v. Dep't of Corr.*, 272 F. Supp. 2d 464, 476 (M.D. Pa. 2003) (noting that in the Third Circuit, "a challenge to the recalculation of a sentence [is] properly cognizable under 28 U.S.C. § 2241"). Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus may extend to any person "in custody in violation of the Constitution or laws or treaties of the United States." Because Petitioner is proceeding *pro se*, the court will construe his submissions liberally in an effort to review his claims to the fullest extent permissible under federal habeas law. *See*, *e.g.*, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002).

## III.       Discussion

The Government argues that Petitioner's habeas petition should be denied for two reasons. First, Petitioner failed to exhaust his administrative remedies. Second, the Commission properly revoked Petitioner's credit towards his sentence

---

[4] Other courts addressing the precise issue before the court have concluded that a habeas petition under § 2241 is the proper mechanism for redress. *See Tyler v. United States*, 929 F.2d 451, 453 n.5 (9th Cir. 1991); *Noble v. United States Parole Comm'n*, 887 F. Supp. 11, 12 (D.D.C. 1995).

for the time he spent under parole supervision. The court will address each of these arguments below.

### A. Exhaustion

A prisoner seeking relief under § 2241 must first exhaust his or her administrative remedies. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) ("Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241."). The BOP has a three-level administrative remedy process through which an inmate may seek formal review of a complaint. The inmate must first seek an informal resolution of his or her complaint. 28 C.F.R. § 542.13. If no resolution is obtained, the inmate must then file a request for administrative relief with the warden of the institution where the inmate is confined. *Id*. § 542.14. If not satisfied with the warden's response, the inmate may file appeals with the Regional Director and then the General Counsel's office. *Id*. § 542.15.

In its response to Petitioner's habeas petition, the Government submitted the declaration of Joseph McCluskey, a Senior Attorney at USP-Allenwood. (Gov't's Ex. 16 in Supp. of Resp. to Habeas Pet. ¶ 1.) Mr. McCluskey searched the BOP's records and did not find any requests for an administrative remedy filed by Petitioner on this issue. (*Id*. ¶¶ 9, 10.) Petitioner argues that he was prohibited from exhausting his administrative remedies because decisions reached by the Commission are non-appealable. Petitioner, however, misunderstands the BOP's administrative relief process, which is entirely separate from parole proceedings. Even though Petitioner may have been prevented from appealing the Commission's decision, he may still seek relief through his administrative remedies. Regardless, the

court concludes that Petitioner has failed to exhaust his administrative remedies before seeking § 2241 relief in this court.

### B. Merits

Notwithstanding Petitioner's failure to exhaust, the court may deny a habeas petition on the merits if "it appears unequivocally that the petitioner has not raised a colorable federal claim." *Faulkner v. Pa. Dep't of Corr.*, 221 F. Supp. 2d 560, 563 (E.D. Pa. 2002); *see also Carter v. Workman*, 121 Fed. Appx. 793, 795 (10th Cir. 2005). The Government contends that the precise issue raised by Petitioner has been well-settled by previous courts. For the reasons set forth below, the court agrees.

Petitioner's claim arises from the apparent conflict between the two District of Columbia statutes cited above–§§ 24-206(a) and 24-431(a). *See supra* Part I. Section 24-206(a) was enacted in 1932 and prohibited "street time" from being credited toward a sentence imposed after parole was revoked. *Noble v. United States Parole Comm'n*, 82 F.3d 1108, 1110 (D.C. Cir. 1996). In 1987, the District of Columbia enacted § 24-431(a), which provided that parole violators who receive a sentence should be given credit for the time spent on parole. *Id*. Initially, the D.C. Department of Corrections interpreted § 24-431(a) as impliedly repealing § 24-206(a). *Noble*, 82 F.3d at 1110. The Commission, on the other hand, continued to follow the provisions of § 24-206(a). *Id*.

For some time, the conflict existed until eventually the D.C. Circuit, seeking a definitive resolution, certified the question to the D.C. Court of Appeals. *Id*. Relying on, among other things, the principle that repeals by implication are not favored, the D.C. Court of Appeals held that § 24-206(a) was not repealed by § 24-

6

431(a). *United States Parole Comm'n v. Noble*, 693 A.2d 1084, 1094 (D.C. 1997), *op. adopted*, 711 A.2d 85 (D.C. 1998) (en banc); *see also Tyler v. United States*, 929 F.2d 451, 456 (9th Cir. 1991) (rejecting the argument that § 24-206(a) was impliedly repealed). As a result of the D.C. Court of Appeals's holding, § 24-206(a) remained in "full force and effect," and the D.C. Department of Corrections was required "to change its method of computing the amount of time that prisoners in its custody had left to serve on their sentences." *Davis v. Moore*, 772 A.2d 204, 208 (D.C. 2001) (en banc). In a subsequent decision, the D.C. Court of Appeals ruled that its previous decision applied retroactively because given that § 24-206(a) was never repealed, it was foreseeable that D.C. Code offenders would lose their "street time" credit. *Id.* at 215.

As stated above, the court can think of three possible constitutional challenges Petitioner could raise–Ex Post Facto, Due Process, and Equal Protection Clause violations. The first two potential violations hinge on whether the D.C. Court of Appeals's decision holding that § 24-206(a) remained in effect is properly applied retroactively.[5] *See id.* at 215-21. In *Davis*, the D.C. Court of Appeals held that "the retroactive application of [its previous decision in *Noble*] does not violate the *Ex Post Facto* or Due Process Clauses." *Id.* at 208-09. In a comprehensive opinion, the *Davis* court reasoned that § 24-206(a) had been in effect since 1932 and had never been repealed. *Id.* at 215. Thus, the court concluded that "[i]n the decade between the enactment of [§ 24-431(a)] and our decision in *Noble*, it was foreseeable to every

---

[5] The court notes that retroactivity is only an issue for the "street time" Petitioner was not credited for from December 1988 to January 1991. When Petitioner's parole was revoked in February 2004, the conflict between §§ 24-206(a) and 24-431(a) had long since been resolved. By that time, Petitioner should have known that he would not receive credit for his "street time."

D.C. Code offender that revocation of parole might result in loss of street time pursuant to § 24-206(a) notwithstanding [§ 24-431(a)]." *Id*. Several other courts have reached a similar conclusion. *See, e.g., Johnson v. Kindt*, 158 F.3d 1060, 1063 (10th Cir. 1998); *Noble v. United States Parole Comm'n*, 32 F. Supp. 2d 11, 13 (D.D.C. 1998). Accordingly, this court concludes that it is well-settled that § 24-206(a) was not improperly applied retroactively to Petitioner.

In his reply brief, Petitioner essentially concedes that the apparent conflict between §§ 24-206(a) and 24-431(a) has been resolved; however, Petitioner, relying on *Bouie v. City of Columbia*, 378 U.S. 347 (1964), argues that the decisions resolving the conflict do not apply to him because they were so unforeseeable that he had no fair warning regarding their outcome. The *Davis* court addressed this precise argument and rejected it, concluding that it was well-established that repeals by implication were disfavored. *See Davis*, 772 A.2d at 219. Thus, Petitioner's argument regarding foreseeability must fail.

As for potential violations of the Equal Protection Clause, the court concludes that the resolution of this issue is also firmly established. The D.C. Circuit squarely addressed this issue and concluded that the apparent conflict between the D.C. statutes did not produce an equal protection violation because there is no disparate treatment. *Noble v. United States Parole Comm'n*, 194 F.3d 152, 154 (D.C. Cir. 1999). In so deciding, the D.C. Circuit reasoned that the government did not treat similarly situated individuals differently because all prisoners under the authority of the Commission were "treated in exactly the same way." *Id*. Finding the D.C. Circuit's opinion persuasive, this court concludes that Petitioner's equal protection rights have not been violated. Because none of Petitioner's constitutional

rights have been violated, the court will deny Petitioner's habeas petition on the merits.

As a final thought, the court notes that in his reply brief, Petitioner raises an argument that, although difficult to understand, the court will attempt to address. Petitioner appears to argue that he had completed his parole before his arrest for second degree child abuse and sex abuse sometime in 2003 and should therefore be credited for the time from his release from parole to his arrest.  The court rejects this argument.  Upon review of the Government's exhibits, the court finds that when Petitioner was paroled in February 1997, his parole was to continue until March 12, 2006.  (*See* Gov't's Ex. 11 in Supp. of Resp. to Habeas Pet.)  Thus, Petitioner's parole did not "run out" before he was arrested in 2003.  In short, Petitioner does not deserve any credits toward his current sentence.

### IV.        Conclusion

In accordance with the foregoing discussion, the court will deny Petitioner's habeas petition on the merits.  An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  May 4, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROGER REDRICK,** | **CIVIL NO. 1:CV-04-2393** |
| **Petitioner** | |
| v. | |
| **TROY WILLIAMSON, Warden,** | |
| **Respondent** | |

# O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Petitioner Roger Redrick's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

2) The Clerk of Court is directed to close the case file.

3) The court declines to issue a certificate of appealability.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: May 4, 2005.